*In re* STERN.

(*Circuit Court, S. D. New York.* February 17, 1892.)

1. CUSTOMS DUTIES—COLLECTION OF ANTIQUITIES—ACT OCT. 1, 1890, CONSTRUED.
    Two articles, produced at a period prior to the year 1700, do not constitute a col-
    lection of antiquities, within the meaning of the provision for such collections
    contained in paragraph 524 of the tariff act of October 1, 1890, (26 U. S. St. p. 567.)

2. SAME.
    Whether or not an article produced at such period is within this provision does
    not depend upon the fact whether it has belonged to a collection of antiquities, or
    is imported to add to such a collection, but whether it is a part of such a collection
    when it is brought in.

(*Syllabus by the Court.*)

At Law. Appeal by Louis Stern for a review of the decision of United
States general appraisers.

The above-named Louis Stern imported April 27, 1891, by the Spree,
from a foreign country into the port of New York, two antique Gobelin
tapestries, made of wool and silk, wool being the component material of
chief value. These two tapestries were classified for duty as manufact-
ures made in part of wool under the provision for such manufactures
contained in paragraph 392 of the tariff act of October 1, 1890, (26 U.
S. St. p. 567,) and duty at the compound rates prescribed thereby for
manufactures of that kind was exacted thereon by the collector of that
port. Against this classification and this exaction the importer pro-
tested, claiming that these tapestries were a collection of antiquities and
products of a period prior to the year 1700, were suitable for souvenirs,
were purchased by him for the purpose of adding to his collection of
antiquities in New York, and were, therefore, entitled to entry free of
duty, under the provision for such collection contained in paragraph 524
of the same tariff act, which reads:

"Cabinets of old coins and medals, and other collections of antiquities; but
the term 'antiquities,' as used in this act, shall include only such articles as
are suitable for souvenirs or cabinet collections, and which shall have been
produced at any period prior to the year seventeen hundred."

The board of United States general appraisers, after taking evidence,
found that these two tapestries were made of wool and silk, wool being

the component material of chief value; that they were produced at a period prior to the year 1700; that they and two other antique Gobelin tapestries, produced at a like period, were all purchased by the said Louis Stern for the purpose of adding them to a collection of curiosities and bric-a-brac, which he owned at the time in New York; that the two tapestries in suit were placed by the said Stern in his apartment in a foreign country, while temporarily residing there, being thus designedly separated from the other two tapestries, so as to destroy the unity of assemblage; that the two in suit were ordered to be shipped to this country, and were shipped on a different vessel from that in which the other two were imported; that these tapestries were not suitable for souvenirs, or for a cabinet of collections of antiquarian curiosities, within the meaning of paragraph 524, and were not free of duty thereunder; and the board affirmed the decision of the collector as to the aforesaid classification and exaction made by him. From this decision of the board the importer appealed to the United States circuit court for a review of the questions of law and fact involved, and thereafter, upon the return made by the board, this case was tried.

*W. Wickham Smith*, of *Curie, Smith & Mackie*, for appellant.

*Edward Mitchell*, U. S. Atty., and *Thomas Greenwood*, Asst. U. S. Atty., for appellee.

WALLACE, Circuit Judge. Inasmuch as the question in this case can very readily be reviewed by the circuit court of appeals, I am not disposed to feel trammeled by any of the previous decisions in this circuit, or in any other circuit, in respect to it. I think a "collection" means something more than two articles. I also think that whether an article is dutiable or not under this particular clause does not depend upon the fact whether it has belonged to a collection or is imported to add to a collection, but whether it is a part of a collection when it is brought in. Therefore I hold that these tapestries were dutiable, and I affirm the decision of the board of appraisers.